**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COX ENTERPRISES, INC.,**

                    **Plaintiff,**

**-vs-**                                                  **Case No.  6:04-cv-698-Orl-28KRS**

**NEWS-JOURNAL CORPORATION,**
**HERBERT M. DAVIDSON, JR., MARC L.**
**DAVIDSON, JULIA DAVIDSON TRUILO,**
**JONATHAN KANEY, JR., DAVID**
**KENDALL, ROBERT TRUILO, GEORGIA**
**KANEY, PMV, INC., and LIVELY ARTS**
**CENTER, INC.,**

                    **Defendants.**
_____

**ORDER**

   This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**  **DEFENDANT'S MOTION TO ENFORCE**
>         **CONFIDENTIALITY AGREEMENT AND TO**
>         **SUPPLEMENT IT BY ENTRY OF AN UMBRELLA**
>         **PROTECTIVE ORDER (Doc. No. 123)**
>
> **FILED:**   **May 5, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

   Defendant News-Journal Corporation ("News-Journal") asserts in the present motion that

Plaintiff Cox Enterprises, Inc. ("Cox") has violated the terms of a confidentiality agreement

entered into by the parties by filing documents designated by News-Journal as confidential.  Cox

responds that the confidentiality agreement does not preclude it from filing documents designated confidential with the Court in this case.

News-Journal attached a copy of the confidentiality agreement to its motion. The agreement bears the caption of the instant case. Paragraph 3.A. of the agreement specifically provides that the limitation on using the confidential documents does not apply to use of the documents, or information contained therein, "in connection with the above captioned case and the preparation and trial of this case." Paragraph 3.B. of the agreement permits disclosure of the documents to "the Court and its officers," among others. There is no provision in the confidentiality agreement requiring any party to seek leave of Court to file documents designated confidential under seal. Therefore, based on the terms of the confidentiality agreement, Cox is permitted to file in this case documents designated confidential in support of papers it files with the Court.

News-Journal asks, alternatively, that the Court enter an "umbrella protective order," and it attaches a copy of the proposed order to its motion. Protective orders must be precisely drawn. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). The proposed order does not meet this legal requirement, because it is overly broad. *Cf. Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).[1]  For example, it does not

---

[1]  In the course of reviewing a motion to seal, the United States Court of Appeals for the Seventh Circuit commented on the scope of a protective order issued by the district court, as follows:

> The order is not limited to trade secrets, or even to documents "believed to contain trade secrets," which anyway is too broad both because "believed" is a fudge and because a document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in

define the documents or information, or categories of documents or information, that may be

designated "confidential."  It also requires that confidential documents filed with the Court be filed

under seal, which is contrary to the requirement of this Court that documents be filed under seal

only pursuant to an order from the Court granting a motion to seal.  Accordingly, the Court will

not enter the proposed umbrella protective order.

       **DONE** and **ORDERED** in Orlando, Florida on May 24, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

            trade secrecy would be redaction of portions of the document.  Also
            much too broad is "other confidential . . . information," not further
            specified . . . .  The order is so loose that it amounts . . . to giving each
            party carte blanche to decide what portions of the record shall be kept
            secret.  Such an order is invalid.

178 F.3d at 945.