**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COX ENTERPRISES, INC.,**

      **Plaintiff,**

**-vs-**                                     **Case No. 6:04-cv-698-Orl-28KRS**

**NEWS-JOURNAL CORPORATION,**
**HERBERT M. DAVIDSON, JR., MARC L.**
**DAVIDSON, JULIA DAVIDSON TRUILO,**
**JONATHAN KANEY, JR., DAVID**
**KENDALL, ROBERT TRUILO, GEORGIA**
**KANEY, PMV, INC., and LIVELY ARTS**
**CENTER, INC.,**

      **Defendants.**

_____

## ORDER

This cause is before the Court on Defendant News-Journal Corporation's ("NJC") Motion for Partial Summary Judgment (Doc. 140). For the reasons set forth below, NJC's motion is denied.

### I. BACKGROUND

Plaintiff Cox Enterprises, Inc. ("Cox") brought individual and derivative causes of action against NJC, its officers, director, and majority shareholder, PMV, Inc., alleging breaches of fiduciary duties, misuse of corporate funds, waste of corporate assets, self-dealing, and other misconduct. In response, NJC elected to purchase Cox's shares of NJC stock pursuant to Section 607.1436, Florida Statutes. As a consequence of NJC's decision,

the Court's sole task in this case is to determine the "fair value" of Cox's shares. See Fla. Stat. § 607.1436(4)-(5).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). "The evidence presented cannot consist of conclusory allegations or legal conclusions." Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991); see also Fed. R. Civ. P. 56(e) (providing that nonmovant's response "must set forth specific facts showing that there is a genuine issue for trial").

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Moreover, "at the summary judgment stage the

judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

"Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." Sawyer v. Southwest Airlines Co., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing Anderson, 477 U.S. at 250-51). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Id. (internal quotations and citation omitted).

### III. ANALYSIS

NJC contends that the following determinations should be made as a matter of law: (1) "That 'fair value' as that term is used in [Section 607.1436] must be premised on the value of [NJC] as a going concern doing business as usual without assuming any change of control in [NJC]"; (2) "The fair value of Cox's interest in NJC must include a discount for lack of marketability;" and (3) "There can be no recovery relating to the defendants' alleged wrongful conduct beyond the amount, if any, of the adverse impact of such conduct on the fair value of NJC as established by expert testimony using accepted valuation methodology." (Doc. 140 at 3).

#### A. THE PREMISE OF FAIR VALUE

The premise of valuation when determining the fair value of a corporation in an action brought under Section 607.1436, is "what a willing purchaser in an arm's length transaction would offer for petitioner's interest in the [corporation] as an operating business." G & G Fashion Design, Inc. v. Garcia, 870 So. 2d 870, 872 (Fla. 3d DCA 2004) (citations and

internal quotations omitted). Factors to consider in making this assessment are the corporation's "market value, investment value, and net asset value." Id.

While NJC contends that Cox's interest in NJC should be measured according to the value of NJC "as a going concern doing business as usual without assuming any change of control" over the company, Cox argues that its interest should be valued according to NJC's fair market value. Although market value is generally a poor indicator of the fair value of closely held corporations like NJC, see id., the Court is not prepared to say at this point that any one method of assessing NJC's value must be used. Nor is the Court willing to preclude any particular method of valuation. In this case, the market value of NJC may, at the very least, prove helpful in determining the degree to which, if any, the alleged misconduct by NJC's management impacted the fair value of NJC as a going concern.

### B. DISCOUNT FOR LACK OF MARKETABILITY

"In determining the 'fair value' of [a petitioner's] shares, as required by [§ 607.1436(5)], a discount for lack of marketability is properly factored into the equation because the shares of a closely held corporation cannot be readily sold on a public market." Munshower v. Kolbenheyer, 732 So. 2d 385, 385 (3d DCA 1999) (original bracketing, internal quotations, and citation omitted). This is not to say, however, that a discount for marketability is always appropriate. See, e.g., Walt's Submarine Sandwiches, Inc., 569 N.Y.S. 2d 492 (App. Div. 1991) (rejecting "contention that a discount for lack of marketability must be added to reduce [the respondent's] fair market value . . . [where] [t]he record . . . amply support[ed] a finding of respondent's marketability"). At this juncture, the Court

determines that it would be premature to determine, one way or the other, whether a marketability discount should be applied.

### C.  RECOVERY RELATED TO DEFENDANTS' ALLEGED WRONGDOING

NJC's contention that "[t]here can be no recovery relating to the [D]efendants' alleged wrongful conduct beyond the amount, if any, of the adverse impact of such conduct on the fair value of NJC" is unavailing.  Section 607.1436(5) specifically provides that "if [a] court finds that the petitioning shareholder had probable grounds for relief under [Section 607.1430(3)]"–which provides for dissolution of a corporation "if it is established that . . . corporate assets are being misapplied or wasted . . . or [t]he directors or those in control of the corporation have acted, are acting, or are reasonably expected to act in a manner that is illegal or fraudulent"– the petitioning shareholder may be awarded "reasonable fees and expenses of counsel and of any experts employed by petitioner."  Cox has unquestionably alleged that the director and officers of NJC have engaged in the conduct identified in Section 607.1430(3) and, therefore, may be able to recover fees associated with this litigation if its allegations prove true.

## IV.  CONCLUSION

Based on the foregoing analysis, NJC's motion for partial summary judgment (Doc. 140) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 20th day of October, 2005.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party