NEWS-JOURNAL CORPORATION
KEY-MANAGER
SEVERANCE AGREEMENT

THIS AGREEMENT is made as of the 3rd day of _November_, 2004, by and between NEWS-JOURNAL CORPORATION, a Florida corporation (the "Company") and _Kathleen N. Caughlin_, individually (the "Employee").

WHEREAS, the Company is engaged in the business of publishing The Daytona Beach News-Journal, a daily circulation newspaper, and certain other media products (the "Business"); and

WHEREAS, the Employee is employed by Company, or by a wholly owned subsidiary of the Company, in a key managerial position with respect to the day to day operation of the Business; and

WHEREAS, the Company in recognition of the substantial contributions made by key managers to the Business, desires to preserve continuity in its workforce;

NOW, THEREFORE, in light of the foregoing, and in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1.  <u>Defined Terms</u>. Certain capitalized terms used herein are defined in the recitals and throughout the body of this Agreement. Other capitalized terms shall be defined as follows:

(a)  "Adverse Employment Action" as used herein, means: (i) termination by the Company of Employee's employment without "Cause" (as hereinafter defined); (ii) a material reduction in Employee's compensation not triggered by then prevailing economic factors generally; or (iii) a material change by Company in Employee's job description, responsibilities, or managerial status without Cause.

(b)  "Base Amount" as used herein, means Employee's annual gross compensation paid by the Company, including without limitation any amounts voluntarily contributed by Employee to the Company's employee benefit plans such as the 401(k) and any amounts paid by Employee as premium payments into the Company's health insurance plans.

(c)  "Base Period" as used herein, means Employee's five (5) most recent taxable years of employment with the Company, or such lesser period if the Employee has not been employed by the Company for five years, as the same is contemplated in Section 280G(d)(2) of the Code.

(d)  "Cause" as used herein, means misconduct, dishonesty, insubordination, or other act by Employee detrimental to the Company or its good will or damaging to its relationships with its readers, subscribers, advertisers, customers, suppliers, or employees, including, without limitation, (A) use of alcohol or illegal drugs such as to interfere with the performance of Employee's duties, (B) conviction of or plea of guilty or no contest to a felony or any crime

1



involving moral turpitude, dishonesty, or theft, and (C) material failure by Employee to comply with applicable laws or governmental regulations with respect to Company operations or the performance of Employee's duties. This Agreement shall also be deemed terminated for Cause in the event of Employee's death or permanent disability.

(e)     "Change in Control" as used herein, means any change in the ownership of a majority of the voting securities of the Company, such that Herbert M. Davidson, Jr., the Davidson family, or any trust or similar entity created by the family's estate plan, directly or indirectly, no longer has voting control of the Company.

(f)     "Code" as used herein, means the Internal Revenue Code of 1986, as amended.

2.     Employment. The parties understand and agree that this Agreement shall not be construed as a contract for employment. Notwithstanding this Agreement, or anything contained herein, the parties agree that Employee's employment with the Company is at-will, and terminable by either party at any time.

3.     Term. The term of this agreement shall begin on the date first written above (the "Effective Date"), and shall continue in effect until either Employee's employment relationship with the Company is terminated, or in the event of a Change in Control and the occurrence of an Adverse Employment Action, until the Company's obligations under paragraph 6 below are satisfied.

4.     Duties. The Employee is employed by Company in such position, and to perform such duties and responsibilities, as are set forth and more fully described on Schedule "A" attached hereto. In consideration of the Company's covenants set forth herein, the Employee shall perform all duties associated with such position, and shall commit such of his or her time and effort required in fulfilling those duties, commensurate with and like in amount to the time committed by the Employee in fulfilling the same as of the execution hereof. Employee shall not directly or indirectly engage in any aspect of the newspaper publishing business, except for the account of, or as directed by the Company.

5.     Compensation. During the term of this Agreement, the Company shall pay Employee an annual base salary and other compensation, if applicable, payable in accordance with the Company's prevailing payroll practices, as the same may be modified from time to time.

6.     Provisions Applicable to Termination of Employment. If Employee's employment is terminated by either party after a Change in Control has occurred, and within three (3) years of such Change in Control, an Adverse Employment Action has occurred, then Employee shall be entitled to receive severance pay in an amount equal to 2.99 times the annualized average of Employee's Base Amount of compensation during the Base Period (the "Severance Payment"). The Severance Payment shall be due and payable by the Company to Employee in immediately available funds within thirty (30) days of the date of termination.

7.     Confidential Information. Employee agrees that the terms and conditions contained in this Agreement constitute confidential information of the Company, and Employee will not disclose the terms of this Agreement to any third-party (including without limitation, to

2

other employees of the Company) for any reason whatsoever, without the Company's prior written consent. In the event of breach of the covenants set forth in this paragraph 7, Employee hereby acknowledges and stipulates that the Company will suffer irreparable damage for any such breach, that any remedy at law for any such breach of these covenants would be inadequate and that Company will, therefore, be entitled to injunctive relief. The remedies provided in this paragraph shall be in addition to all other remedies available to Company both at law and in equity.

8.  Waiver of Breach. The waiver by either party of a breach or violation of this Agreement shall not operate as or be construed to be a waiver of any subsequent breach by the other party.

9.  Notices. Any notice which either party to this Agreement is required to send to the other under any statutes, decision, or rule of law, or under any provision of this Agreement, or which either desires to send or give to the other, shall be in writing and may be served personally or enclosed in a sealed, postage-paid envelope and sent by registered or certified United States mail, to the address set forth below, or to such other address as either party may hereafter designate. Such notice shall be deemed given as of the date delivered, if served personally, or as of the date when deposited in any post office box regularly maintained by the United States postal service, if mailed.

If to Company:

News-Journal Corporation
Attn: Chief Financial Officer
901 6th Street
Daytona Beach, Florida 32117

If to Employee:

*Kathleen Coughlin*
*2890 John Anderson Drive*
*Ormond Beach, FL. 32176*

10. Attorney's Fees. If either party hereto institutes any action or proceeding to enforce this Agreement, then the prevailing party shall be entitled to collect reasonable attorney's fees and the costs and expenses of such action whether at settlement, trial or on appeal.

11. Applicable Law. This Agreement shall be interpreted and construed under the laws of the State of Florida without giving effect to conflict of law principles. Any action arising out of or relating to this Agreement shall be brought and maintained in a court of competent jurisdiction in Volusia County, Florida.

12. Successors and Assigns. Employee may not assign any of Employee's rights hereunder without the express prior, written consent of Company. The parties agree that Company may assign this Agreement to a successor without consent from, or notice to,

Employee, and upon such assignment Company's assignee shall have all rights, duties, and obligations of Company hereunder.

13.     Construction. The section headings provided herein are for ease of reference only, and shall not be deemed to affect the construction of the substantive provisions of this Agreement. All pronouns used herein shall be deemed to include the singular and the plural, as well as, the masculine, feminine, and neuter genders as context may require.

14.     Entire Agreement. This instrument contains the entire Agreement of the parties with respect to the subject-matter hereof. To the extent that this Agreement conflicts with any existing agreement that is in place with regard to Employee's relationship with the Company, this Agreement shall control. All other agreements respecting Employee's relationship with the Company, to the extent not in conflict with the terms hereof, shall remain in full force and effect in accordance with their terms. This Agreement may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension, or discharge is sought.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Effective Date.

Witnesses:

_____
_____
As to Company

NEWS-JOURNAL CORPORATION

/s/ _____
By: Georgia M. Kaney
Its: Vice-President

EMPLOYEE

_____
_____
As to Employee

/s/ _____
K. COUGHLIN
(Name Printed or Typed)

4

## SCHEDULE A

## KEY MANAGER JOB DESCRIPTION AND DUTIES

**Kathleen N. Coughlin – Advertising Director**
Top advertising position in corporation, serving as head of the Advertising Department. Responsible for all advertising (Classified, Display, Legal, Preprints, National, Special Sections, Vendor Sections and Online) at newspaper, including bureau locations. Classified, National and Retail managers report to Advertising Director. Member of News-Journal Executive (Planning) Committee. Prepares, and responsible for, Annual Budget for Department. Reports to the Publisher.

Initials: _____KC_____
Employee

_____MmK_____
Company