**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COX ENTERPRISES, INC.,**

    **Plaintiff,**

**-vs-**              **Case No. 6:04-cv-698-Orl-28KRS**

**NEWS-JOURNAL CORPORATION,
HERBERT M. DAVIDSON, JR., MARC L.
DAVIDSON, JULIA DAVIDSON TRUILO,
JONATHAN KANEY, JR., DAVID
KENDALL, ROBERT TRUILO, GEORGIA
KANEY, and PMV, INC.,**

    **Defendants.**
_____

## ORDER

This cause is before the Court on the "Petition"[1] (Doc. 509) filed pro se by Thomas S. Brown ("Brown") and a group of former News-Journal Corporation ("NJC") employees[2] concerned about the continued funding of NJC's pension plan (identified as 59-0376230 Plan 001, hereinafter, the "Pension Plan") in light of the ongoing litigation. Petitioners request that this Court amend its April 17, 2009 Order (Doc. 507) appointing James W. Hopson ("Hopson") as receiver for NJC. (Doc. 509 at 2). Specifically, the petitioners ask this Court

---

[1] Petitioners filed their petition "to bring additional facts to the attention of the Court" and to request that the Court amend its order appointing Hopson as receiver.

[2] The Petition is signed by Thomas S. Brown, Laura M. Stewart, Emery M. Jeffreys, Kenneth R. Hornack, Suzanne D. Kridner, Susan L. Wright, Bruce J. Kuehn, and Andrew E. Mikula.

to instruct Hopson (1) to provide monthly reports to the Court on the Pension Plan's financial condition, investment allocation policy, and investment results; (2) to provide monthly reports to the Court disclosing what portion of operating profits have been contributed to the Pension Plan in order to reach "fully-funded" status; (3) that the after-tax proceeds from the sale of any NJC assets first go to satisfy required contributions for fiscal year 2008 and pending contributions for fiscal year 2009; and (4) that no portion of such proceeds shall be disbursed to Cox Enterprises, Inc. ("Cox") or the Davidson owners until the Pension Plan has been certified as "fully funded" under ERISA standards by an actuary and the Employment Benefits Security Administration. (Id. at 4-5).

Cox filed a response in opposition to the Petition, claiming that the Petition should be dismissed because Brown and his fellow petitioners had no standing to bring the Petition because they are not parties to the action and have not moved to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. (Doc. 520 at 2). Moreover, Cox argues that the Petition is premature in that NJC has met all current funding requirements of ERISA and that the next required contribution is not due until March 2010. (Id. at 3). Cox requests that this Court dismiss the Petition without prejudice with the right to reassert the action should the petitioners chose to intervene. (Id. at 4).

Though not styled as such, the Court treats the Petition as a motion to intervene. Rule 24 allows intervention either as a matter of right or with permission of the court. In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1246 (11th Cir. 2006). A nonparty may seek intervention as a matter of right may under Rule 24(a) when either "a statute of the United States confers an unconditional right to intervene" or "when the applicant claims an

interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24. The Eleventh Circuit has stated that to intervene as a matter of right under Rule 24(a)(2), the intervening party must demonstrate that:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit."

Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1302-03 (11th Cir. 2008).

The Court finds that the petitioners' Petition to intervene is timely. Petitioners, filing pro se, filed their Petition on August 22, 2009, two weeks after they became aware of a potential shortfall in the Pension Plan's funding on April 8, 2009. (Doc. 509 ¶ 7). Petitioners have alleged an interest relating to the property at issue, namely the distribution of NJC's dissolution assets to fund the Pension Plan. Additionally, the petitioners are unable to protect their asserted interest in light of their current inability to file objections regarding any proposed sales of NJC's assets. The Court further finds that the petitioners' rights are not adequately represented by any existing parties to the suit.

Accordingly, the Petition, construed as a motion to intervene, is hereby **GRANTED IN PART AND DENIED IN PART**. Inasmuch as the petitioners seek to intervene, the Petition is **GRANTED**. The Court, however, declines to amend its April 17, 2009 Order. The

petitioners' request to amend the April 17, 2009 Order is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida this 24th day of August, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party