# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**COX ENTERPRISES, INC.,**

      **Plaintiff,**

-vs-                                                Case No. 6:04-cv-698-Orl-28KRS

**NEWS-JOURNAL CORPORATION, HERBERT M. DAVIDSON, JR., MARC L. DAVIDSON, JULIA DAVIDSON TRUILO, JONATHAN KANEY, JR., DAVID KENDALL, ROBERT TRUILO, GEORGIA KANEY, and PMV, INC.,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration before the Court *sua sponte*. Intervenor Kathy Coughlin has been represented in this case by David Spector, Esq., and Scott Atherton, Esq. These attorneys were originally affiliated with Schwarzberg Spector Duke & Rogers. On August 6, 2009, Attorney Spector and Stephen Schwarzberg, Esq., filed a motion to substitute counsel to permit the law firm of Akerman Senterfitt to appear as counsel for Coughlin in place of Schwarzberg Spector Duke & Rogers. Under his signature line, Attorney Spector reflected that he was then affiliated with Akerman Senterfitt. Doc. No. 533. The motion for substitution of counsel was referred to me on September 24, 2009.

Meanwhile, on August 11, 2009, I issued a Report and Recommendation recommending that the presiding district judge deny Coughlin's motion for an award of attorney's fees. Doc. No. 534. The presiding district judge subsequently adopted that Report and Recommendation. Doc. No. 549.

My interests list, posted on the Court's website, reveals that I have an interest in the Akerman Senterfitt law firm. Specifically, a member of my family was formerly a shareholder with Akerman Senterfitt. He is currently receiving a refund of his capital contribution in equal installments over time. Under these circumstances, in order to avoid an appearance of impropriety, I am required to disqualify myself from cases in which Akerman Senterfitt attorneys appear as counsel of record unless the parties and counsel waive that disqualification.[1]

While I was not aware that Coughlin's attorneys had changed law firms when I issued the August 11, 2009 Report and Recommendation, and the parties did not file a revised certificate of interested persons to alert the Court to the change in law firms, I determined it was necessary for me to follow the remittal procedure to determine whether counsel and the parties would waive the disqualification that arose at the time counsel for Coughlin joined Akerman Senterfitt.

I issued an Order Regarding Remittal of Disqualification on September 30, 2009. Doc. No. 551. I have been advised by the Clerk of Court that the parties, other interested persons, and their counsel were notified that I would recuse myself in this case for the reason set forth in the Order Regarding Remittal of Disqualification, Doc. No. 551, absent waiver of disqualification being

---

[1] Canon 3D of the Code of Conduct for United States Judges (the "Code") provides (with exceptions not pertinent to this case) that when a judge is disqualified in a proceeding because the judge's impartiality might reasonably be questioned, that judge may participate in the proceeding if all the parties and lawyers, after notice of the basis for the disqualification, agree in writing to waive the disqualification under a procedure independent of the judge's participation.

provided by all parties and their counsel. The Clerk of Court advised me that waivers of disqualification have not been received from all necessary parties and their counsel, and the time for submitting such waivers has passed.

The basis for my disqualification existed at the time I issued the Report and Recommendation regarding Coughlin's motion for attorney's fees. Accordingly, I have issued a separate order withdrawing my Report and Recommendation on Coughlin's motion and recusing myself from the case. Therefore, I respectfully recommend that the Court **VACATE** the order adopting that Report and Recommendation, Doc. No. 549, and direct the Clerk of Court to reopen Coughlin's motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 22, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy