December 30, 2009

Halifax Media Acquisition LLC
c/o Stephens Capital Partners LLC
111 Center Street, Suite 2500
Little Rock, Arkansas 72201
Attention: Jackson Farrow Jr.,
General Counsel

    Re:    Asset Purchase Agreement (the "Purchase Agreement") dated of even date herewith by and among the News-Journal Corporation, a Florida corporation, Volusia Pennysaver, Inc., a Florida corporation, and Halifax Media Acquisition LLC, a Delaware limited liability company (Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Purchase Agreement)

Gentlemen:

    As an inducement to Buyer entering into the Purchase Agreement, Cox Enterprises, Inc. ("Cox") is willing to give Buyer certain assurances with respect to the distribution of the sale proceeds received by Seller from Buyer pursuant to the Purchase Agreement (the "Sale Proceeds"). Accordingly, Cox hereby covenants and agrees with Buyer as follows:

    1.    Cox shall not take or accept all or any portion of the Sale Proceeds except and to the extent that the distribution of such Sale Proceeds to Cox is authorized by order of the Court (a "Distribution Order");

    2.    Cox shall not take or accept all or any portion of the Sale Proceeds pursuant to a Distribution Order until the later of (a) the thirtieth day following the entry of the Sale Approval Order, and (b) the thirtieth day following the entry of a Distribution Order; provided, however, in the event a motion, notice of appeal or other challenge is filed with the Court within either of said thirty-day periods that seeks to reverse, vacate, set aside or annul the Sale Approval Order in a manner that would be reasonably expected to negatively affect Buyer's title to the Transferred Assets, Cox agrees that it will not take or accept all or any portion of the Sale Proceeds until such motion, appeal or other challenge has been finally resolved or disposed of; and


EXHIBIT D

       3.      Cox shall not take any action that could cause all or any portion of the Sale Proceeds to be distributed to it in violation of the preceding paragraphs.

The parties acknowledge and agree that in the event that any of the provisions of this letter agreement were not performed in accordance with their specific terms or were otherwise breached, irreparable damage would occur for which there would not be an adequate remedy at law. Each party agrees that, in the event of any breach or threatened breach by any other party of any covenant or obligation contained in this letter agreement, the non-breaching party shall be entitled (in addition to any other remedy that may be available to it whether in law or equity, including monetary damages) to seek and obtain (a) a decree or order of specific performance to enforce the observance and performance of such covenant or obligation, and (b) an injunction restraining such breach or threatened breach. Each party further agrees that no other party hereto or any other person shall be required to obtain, furnish or post any bond or similar instrument in connection with or as a condition to obtaining any remedy referred to in this letter agreement, and each party hereto irrevocably waives any right it may have to require the obtaining, furnishing or posting of any such bond or similar instrument.

This letter agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, except that Cox may not assign or transfer any of its rights or obligations under this letter agreement without the prior written consent of Buyer.

This letter agreement shall be governed by the internal laws of the State of Delaware. This letter agreement may be executed in any number of separate counterparts, each of which shall, collectively and separately, constitute one agreement. A counterpart signature page to this letter agreement delivered by fax or email transmission shall be as effective as an original manually executed counterpart. The undersigned parties have signed below to indicate their consent to be bound by the terms and conditions of this letter agreement.

      Please confirm your agreement with the foregoing by signing and returning one copy of this letter agreement to the undersigned, whereupon this letter agreement shall become a binding agreement between Cox and Buyer

Very truly yours,

Cox Enterprises, Inc.

By: _____  
Title: Sr Vice President

Agreed this ___ day of December 2009

Halifax Media Acquisition LLC

By:_____  
Title:_____

December 30, 2009

Halifax Media Acquisition LLC
c/o Stephens Capital Partners LLC
111 Center Street, Suite 2500
Little Rock, Arkansas 72201
Attention: Jackson Farrow Jr.,
General Counsel

Re: Asset Purchase Agreement (the "Agreement") by and among the News-Journal Corporation, a Florida corporation, Volusia Pennysaver, Inc., a Florida corporation, and Halifax Media Acquisition LLC, a Delaware limited liability company.

Gentlemen:

Cox Enterprises, Inc. is writing to confirm to you that it believes that the transaction contemplated by the Agreement will provide the highest and best available value for the Business (as that term is defined in the Agreement) and to confirm that Cox Enterprises will join in the Receiver's motion seeking the entry of a Sale Approval Order (as that term is defined in the Agreement). Cox Enterprises acknowledges that you are relying on the confirmations set forth in this letter.

Very truly yours,

Cox Enterprises, Inc.

By: _____
Title: Sr. Vice President

December 31, 2009

Halifax Media Acquisition LLC
c/o Stephens Capital Partners LLC
111 Center Street, Suite 2500
Little Rock, Arkansas 72201
Attention: Jackson Farrow Jr.,
General Counsel

Re: Asset Purchase Agreement (the "Agreement") by and among the News-Journal Corporation, a Florida corporation, Volusia Pennysaver, Inc., a Florida corporation, and Halifax Media Acquisition LLC, a Delaware limited liability company.

Gentlemen:

I am writing to confirm to you that I believe that the transaction contemplated by the Agreement will provide the highest and best available value for the Business (as that term is defined in the Agreement) and to confirm that I will provide an affidavit to that effect in support of the motion seeking the entry of a Sale Approval Order (as that term is defined in the Agreement). I acknowledge that you are relying on the confirmations set forth in this letter.

Very truly yours,

Owen Van Essen