IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COX ENTERPRISES, INC.,
a Delaware Corporation,

    Plaintiff,

CASE NO.: 6:04-CV-698-28-KRS

v.

NEWS-JOURNAL CORPORATION,
a Florida corporation, et al.,

    Defendants,

v.

KATHY COUGHLIN, et al.,

    Intervenors.

_____/

**OBJECTIONS TO PROPOSED SALE OF THE PUBLISHING OPERATIONS OF THE NEWS-JOURNAL CORPORATION AND SUPPORTING MEMORANDUM OF LAW ON BEHALF OF PENSION-INTERVENORS THOMAS S. BROWN, EMERY M. JEFFREYS, SUZANNE D. KRIDNER, LAURA STEWART, BRUCE J. KUEHN, ANDREW E. MIKULA, AND KENNETH R. HORNACK**

Through undersigned counsel, PENSION-INTERVENORS THOMAS S. BROWN, EMERY M. JEFFREYS, SUZANNE KRIDNER, LAURA STEWART, BRUCE J. KUEHN, ANDREW E. MIKULA, AND KENNETH R. HORNACK hereby file these limited, protective objections to the Joint Motion of Receiver and Cox Enterprises, Inc. for Hearing and Approval of and Direction to Complete Sale of Publishing Operations (Doc. 576), and state as follows:

1. The proposed sale of the publishing assets of the News-Journal Corporation is a sale of substantially all of the assets of the NJC.

2. The proposed purchase price of the sale of the publishing assets is $20.074 million.

3. The NJC pension plan has an accumulated funding deficiency of $14.37 million as of 09/30/2009; the pension liability is <u>not</u> being assumed by the purchasers. (*See*, Doc. 576-2, p. 72; Doc. 576-9, p. 32). *See also*, page 14, para. 29 of the proposed Order attached to the Motion (Doc. 576-11), the under-funding of the NJC Pension Plan is specifically excluded from any liability of the Buyer.

4. The current value of assets in the pension plan is insufficient to cover all accrued benefits and other liabilities of the pension plan.

5. The responsibilities, obligations and duties imposed by ERISA have been breached with respect to the Plan, specifically as follows:

    (1) Minimum funding requirements have not been met under Section 302 of ERISA in respect to the Plan.;

    (2) An accumulated funding deficiency exists;

    (3) Receiver has failed to give the Pension Benefit Guaranty Corporation at least thirty (30) days prior notice of the sale, which is a reportable event, as required by §4043(b) of ERISA (29 U.S.C. §1343), nor has PBGC provided Receiver with a waiver of

such notice[1]/;

(4) Receiver improperly attempts to divest PBGC of its statutory right of to assert any claim against the NJC on behalf of Plan participants by also failing to give sufficient notice prior to the distribution of the proceeds. In the proposed Order, the Receiver is allowed to provide only 14 days notice period for any claims to be made against the proceeds of the sale. Since the sale of publishing assets is a distressed sale of substantially all of the assets of the NJC and the sale is being done through a receivership, this sale is essentially a liquidation, requiring a thirty day advance notice period to the PBGC. 29 U.S.C. §1343(c)(10).

(5) It is unclear as to the Receiver's intentions regarding payment of the either the accumulated funding deficiency or termination premiums to PBGC, as required under 29 U.S.C. §1306(a)(7)(A), since the proposed Order provides that all retained liabilities will "attach to the proceeds if the Sale in the order of their priority with the same validity, force and effect which they now have as against the Transferred Assets." (Doc. 576-11, p. 10, para. 15). Moreover, the Receiver issued an internal memorandum on the day the Motion to Approve Sale was filed, stating in relevant part:

> The sale of the business will not resolve all open issues. Once the company sells and the money's in the bank, we will begin to pull together another recommendation to the judge to distribute the money from the sale among Cox and other potential creditors. At that time we will bring the Pension Benefit Guarantee Corporation (PBGC) to the table to make a final determination on how the pension plan will be wrapped up. The sale motion

---

[1]/Receiver asserts that he served notice to PBGC of its eleven (11) days notice to file objections. (Doc. 76, pp. 6-7).

submitted today does not deal with pension matters. (Attached as Exhibit A). From the Receiver's email, his plan is to <u>not</u> involve the PBGC until <u>after</u> it has distributed the sale proceeds. That timing would be detrimental to the Pension Plan, its participants, and to the government which may then have to fund the Pension Plan without being able to avail itself of the funds that should rightly be provided by the Receiver to appropriately fund the NJC Pension Plan.

Due to the lack of proper notice and the overly broad language in the proposed Order, the Motion and proposed Order could improperly result in releasing the Receiver, NJC, Cox and all other Persons from any liability as to any party who fails to object within the initial 11 day objection period and others who then fail to file a claim within the later 14 day claim period, which by definition of the terms of the Motion and proposed Order, would include extinguishing any pension liability or claims by PBGC.

To avoid any confusion over whether the Court's Order specifically seeks to divest the PBGC from its statutory authority to seek to collect all unfunded liabilities or to obtain termination premiums or to otherwise protect the NJC Pension Plan participants, the Order should be modified to provide for at least thirty days advance notice to PBGC of the sale, another thirty days notice post-sale to file any claims.

Moreover, the Order should provide that any liabilities relating to the pension plan, including claims that may be asserted by the PBGC, are not subject to the broad release provisions in the Order. Additionally, the Court should secure all of the sale proceeds against any payment until the PBGC has had the proper opportunity to protect the rights of

the NJC Pension Plan participants. The Pernsion Intervenors propose language to the effect as follows:

> Notwithstanding anything in this Order, no Person shall be discharged, released or relieved from any liability with respect to the Pension Pan, nor shall the PGBC, the Pension Plan or any other Person be enjoined or precluded from enforcing any liability with respect to the Pension Plan as a result of this lawsuit, the provisions of the Asset Purchase Agreement, or the confirmation of the APA. No distribution of the Sale Proceeds or from the sale of any other NJC assets shall be allowed until such time as the PBGC has resolved all of any claims it may have made regarding the Pension Plan liabilities.

The Pension-Intervenors reserve the right to object to any other new or revised terms of the sale.

                                      Respectfully Submitted,

                                      /s/ Martha A. Chapman
                                      Martha A. Chapman
                                      Florida Bar No. 0004464

                                      MARTHA A. CHAPMAN, P.A.
                                      912 Highland Ave.
                                      Orlando, FL 32803
                                      Telephone: 407-896-4835
                                      Fax: 407-574-7912
                                      Marty@MartyChapmanLaw.com

                                      COUNSEL FOR PENSION-INTERVENORS
                                      BROWN, JEFFREYS, KRIDNER, STEWART,
                                      KUEHN, MIKULA, AND HORNACK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically transmitted this document to the Clerk of Court using the ECF system, which will transmit a Notice of Electronic Filing to Counsel of each of the other represented parties, each of whom is an ECF registrant, and by mail on this the 19th day of January, 2010, to the *pro se* parties on the service list below.

/s/ Martha A. Chapman
Martha A. Chapman
Florida Bar No. 0004464

## MAIL SERVICE LIST FOR *PRO SE* INTERVENORS:

Ellen Andrews
80 Big Buck Trail
Ormond Beach, FL 32174

Stephen M. Blais
4168 Grand Ave.
Deland, FL 32720

Gary E. Flatt, Sr
833 Narcissus St.
Holly Hill, FL 32117

Lori Gamboa
5862 Cypress Estates Drive
Elkton, FL 32033

Dennis F. Kozak
27 Spinnaker Cir.
South Daytona, FL 32119

Gerald Laurelli
2061 Taylor Rd
Port Orange, FL 32128

Thomas M. Lindley
789 Falcon Drive
Port Orange, FL 32127

Leonard A. Marsh
33 Winding Creek Way
Ormond Beach, FL 32174

Laurence S. Saffer
3333 South Atlantic Ave. # 1804
Daytona Beach Shores, FL 32118

Rex D. Smith
2240 Brian Avenue
South Daytona, FL 32119

Susan Wright
834 E. River Oak Dr.
Ormond Beach, FL 32174