# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COX ENTERPRISES, INC.,**

        **Plaintiff,**

**-vs-**                                                           **Case No. 6:04-cv-698-Orl-28DAB**

**NEWS-JOURNAL CORPORATION,
HERBERT M. DAVIDSON, JR., MARC L.
DAVIDSON, JULIA DAVIDSON TRUILO,
JONATHAN KANEY, JR., DAVID
KENDALL, ROBERT TRUILO, GEORGIA
KANEY, and PMV, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **INTERVENOR KATHY COUGHLIN'S MOTION FOR AN ORDER PROVIDING ENTITLEMENT TO AN AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 456)**
>
> **FILED:**     **October 6, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

*Background*

    The procedural history of the motion is fairly complex and is set forth in detail in prior filings. By way of brief summary, Plaintiff Cox Enterprises, Inc. ("Cox"), the minority shareholder of Defendant News-Journal Corporation ("NJC"), originally filed a shareholder derivative complaint

pursuant to Section 607.07401, Fla. Stat., seeking relief for the alleged misuse of corporate funds and waste of corporate assets by NJC and certain individual NJC directors (Doc. No. 1). NJC filed a notice of election to purchase Cox's shares in NJC pursuant to Florida law and, as the parties were unable to agree on the fair value or the terms of purchase, the Court held a trial to determine the fair value of Cox's shares. The Court determined the fair value to be $129.2 million (Doc. No. 251), and set the terms of purchase (Doc. No. 262). On September 27, 2006, pursuant to section 607.1436(6), Fla. Stat., the Court dismissed the shareholder derivative action with prejudice (Doc. No. 262). The United States Court of Appeals for the Eleventh Circuit affirmed the Court's valuation decision. *Cox Enters., Inc. v. News-Journal Corp.*, 510 F.3d 1350 (11th Cir. 2007).

On May 23, 2008, Cox filed a motion seeking "to set aside and declare invalid" severance agreements for NJC's executives and key managers, including the Key-Manager Severance Agreements entered into with Kathy Coughlin, Lori Kopp, Cory Lancaster, and Donald D. Lindley. (Doc. No. 333 at 9). Coughlin, Kopp, Lancaster, and Lindley (collectively the "Intervenors") were granted permission to intervene in the case, and, through their respective attorneys, filed responses to Cox's motion to set aside their Key-Manager Severance Agreements (Doc. Nos. 378, 388, 394). On September 5, 2008, Cox moved to amend its motion to set aside the Key-Manager Severance Agreements in order to withdraw the portion of the motion that asked the Court to invalidate the agreements with the Intervenors, based on "the representations of Defendants and Intervenors in response to [the motion to set aside] and the evidence adduced in the discovery that followed its filing . . ." (Doc. No. 412). The Court granted Cox's motion, thereby effectively dismissing the motion to set aside the Key-Manager Agreements NJC entered into with Coughlin, Kopp, Lancaster, and Lindley (Doc. No. 438).

Thereafter, Intervenor Coughlin filed the instant motion and Intervenors Lori Kopp, Cory Lancaster and Donald D. Lindley filed their motion, all seeking reimbursement of attorneys' fees and costs they allege they incurred in opposing Cox's motion to set aside the Key-Manager Severance Agreements (Doc. Nos. 456, 458). Defendant PMV, Inc. ("PMV") filed an opposition brief (Doc. No. 463) to the instant motion, as did Defendant NJC (Doc. No. 464), Intervenors Georgia Kaney and David Kendall (Doc. No. 466), and Plaintiff Cox Enterprises, Inc. ("Cox") (Doc. No. 469).

In their motions, all Intervenors relied on section 607.07401(5), Fla. Stat., and section 10 of the Key-Manager Agreements as authorization for an award of attorneys' fees and costs (Doc. No. 456 at 9-10; Doc. No. 458 at 7-9). Intervenor Coughlin, however, also claimed entitlement to fees and costs against Cox and its counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent powers, asserting that Cox's motion was frivolous and brought in bad faith (Doc. No. 456 at 11-13). Alternatively, all Intervenors sought an order requiring NJC to indemnify them under the NJC bylaws, section 607.0850, Fla. Stat., and Florida common law. They also sought an award of attorneys' fees and costs from NJC and PMV under Florida's wrongful act doctrine.

By Report dated August 11, 2009, United States Magistrate Judge Karla R. Spaulding recommended that the motions be denied (Doc. No. 534). Objections to the Report and Recommendation were filed by Coughlin (Doc. No. 539), and overruled by the Court in its Order adopting the Report and Recommendation and denying the Intervenors' motions (Doc. No. 549). Subsequent to the issuance of the Report, Judge Spaulding learned that Coughlin's attorneys had changed law firms, thereby creating a conflict for her (Doc. No. 561-62). She recused herself from the case, and the District Court subsequently adopted her suggestion that the earlier Report and Recommendation be vacated in part (Doc. No. 574). Specifically, the District Judge vacated "[o]nly the portion of the Order adopting the Report and Recommendation as to Intervenor Coughlin's motion

for fees and costs and denying the motion" and directed the Clerk to reinstate the motion and refer it to the undersigned for a Report and Recommendation. *Id.*

Following the re-opening of the motion, the Court held a status conference at which the parties agreed to proceed on the papers filed and the existing record (Doc. No. 597). The matter has been fully briefed by the parties and is ready for resolution. The Court, having reviewed the record and the applicable law, **respectfully recommends** that the motion be **denied.**

*Issues and Analysis*

Coughlin's arguments regarding entitlement to fees pursuant to section 607.07401(5), Fla. Stat., and section 10 of the Key-Manager Agreements are identical to the arguments presented and rejected by the District Court, in its denial of the motion filed by Intervenors Kopp, Lancaster and Lindley's motion, which asserted the same grounds (Doc. No. 458, 549). Similarly, the District Court denied Intervenors Kopp, Lancaster and Lindley's alternate arguments that NJC should be required to indemnify them under the NJC bylaws, section 607.0850, Fla. Stat., and Florida common law; and/or that they were entitled to attorneys' fees and costs from NJC and PMV under Florida's wrongful act doctrine. *Id.* Absent any contention sufficient to disturb that finding, the District Court's Order is presently the law of the case, as to these grounds.[1]

The only grounds unique to Coughlin, and thus at issue here, are her contentions that attorney's fees and costs are appropriately awarded against Cox as sanction pursuant to 28 U.S.C. § 1927 or the Court's inherent authority.

---

[1] While unnecessary in view of the application of the law of the case, the Court notes that the contentions are otherwise without merit. For example, the prevailing party provisions of § 607.07401(5) are inapplicable in that the motion to set aside the severance agreements was not a shareholder derivative action. Moreover, Section 10 of Intervenors' Key-Manager Severance Agreements provides: "If either party hereto institutes any action or proceeding to enforce this Agreement, then the prevailing party shall be entitled to collect reasonable attorney's fees and the costs and expenses of such action whether at settlement, trial or on appeal." (Doc. No. 333-2 at 3). Cox was not a party to these agreements, nor did they file an action to "enforce" them.

Title 28 U.S.C. § 1927, entitled "Counsel's liability for excessive costs" provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The plain language of the statute imposes three essential requirements for an award of sanctions under § 1927: 1) the attorney must engage in "unreasonable and vexatious" conduct; 2) that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings;" and 3) the dollar amount of the sanction must bear a financial nexus to the excess proceedings (the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct.") See *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997). An attorney multiplies proceedings "unreasonably and vexatiously" within the meaning of the statute "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F. 3d 1230, 1239 (11th Cir. 2007), citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991). Thus, "negligent conduct, standing alone, will not support a finding of bad faith under § 1927--that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." *Amlong,* 500 F. 3d at 1241-42. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. *Id*. (internal citation omitted).

In addition to the statutory authority, the Court has inherent authority to manage its affairs and sanction parties or counsel for conduct that abuses the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). Upon review, the Court finds that the instant circumstances do not warrant the imposition of sanctions under either authority.

There is no evidence that Cox vexatiously litigated baseless claims against the Intervenors. As set forth at hearing, NJC's Board of Directors neither considered nor authorized the agreements, and there has been no finding that Cox's objections to the agreements were baseless. Moreover, there is nothing to indicate that Cox's concerns regarding the agreements were motivated by bad faith in order to multiply the proceedings against Intervenors. Indeed, Cox did not even sue Intervenors– they chose to intervene. Far from being abusive, the path undertaken by Cox was not objectively unreasonable, in view of the history of the case. The Court sees no basis to impose sanctions here.

For the foregoing reasons, it is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 9, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy