**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COX ENTERPRISES, INC.,**

      **Plaintiff,**

-vs-                                           **Case No. 6:04-cv-698-Orl-28KRS**

**NEWS-JOURNAL CORPORATION,
HERBERT M. DAVIDSON, JR., MARC L.
DAVIDSON, JULIA DAVIDSON TRUILO,
JONATHAN KANEY, JR., DAVID
KENDALL, ROBERT TRUILO, GEORGIA
KANEY, and PMV, INC.,**

      **Defendants.**
_____

# ORDER

This cause is before the Court on the "Joint Motion of Receiver and Cox Enterprises, Inc. for Hearing and Approval of and Direction to Complete Sale of Publishing Operations to Halifax Media Acquisition, an Affiliate of Stephens Capital Partners LLC and Stephens Investments Holdings LLC" (Doc. 576) filed by Plaintiff, Cox Enterprises, Inc. ("Cox") and the Receiver, James W. Hopson ("Hopson"). In this motion, Cox and Hopson request that the Court approve the proposed sale of the publishing operations of News-Journal Corporation ("NJC") pursuant to the Asset Purchase Agreement. Objections to the motion have been filed by PMV, Inc. ("PMV") (Doc. 584); Marc L. Davidson, Julia Davidson Truilo, and Robert Truilo (Doc. 585); and Thomas S. Brown, Kenneth R. Hornack, Emery M. Jeffreys, Suzanne D. Kridner, Bruce J. Kuehn, Andrew E. Mikula, Laura Stewart (collectively, the "Pension-Intervenors") (Doc. 586). On February 1, 2010, the Court heard argument and received

evidence regarding the motion. (See Mins., Doc. 596; Hr'g Tr., Doc. 594).

PMV requests that this Court withhold its approval of the sale, arguing that Hopson has failed to comply with the requirements set forth in 28 U.S.C. § 2001(b) for the sale of real estate. Specifically, PMV claims that Hobson has not obtained three independent appraisals prior to seeking approval of the sale by the Court. In relevant part, § 2001(b) requires that the Court appoint three disinterested persons to appraise the real property at issue before confirmation of a private sale. 28 U.S.C. § 2001(b). Hopson and Cox, via a joint response, argue that "[a]lthough multiple appraisals generally are required to support the sale of realty per 28 U.S.C. § 2001(b), here, [the Court is] not dealing with isolated pieces of real property, but with property directly used in the publishing operations or necessary for future expansion." (Doc. 601 at 3). Further, Hopson and Cox state that "[a]dditional appraisals of the real property included within the sale would not assist in evaluating the value of the publishing operations to be sold, are not necessary as this is not a liquidation sale[,] and would be a waste of the Receiver's limited resources." (Id.).

During the hearing, Hopson testified that the real property at issue is comprised of the "main production plant," the "newsprint warehouse," and "other properties . . . [that] are small basically vacant lots adjacent to the [NJC] property." (Hr'g Tr. at 124). Of these properties, two had been recently appraised: (1) the main production plant at a value of $7.6 million, and (2) the newsprint warehouse at a value of $1.35 million. (Id.). The other properties had not received an appraisal and were only included in the sale after the buyer expressed interest. (Id.). According to Hopson's testimony, these vacant lots were listed in the Asset Purchase Agreement as having a value of $660,000. (Id.).

Given that the apparent value of the real estate comprises approximately half of the entire purchase price, the Court deems it necessary to follow the statutory scheme as expressed in § 2001(b) in the absence of case law allowing otherwise.[1] The Court accepts the appraised values of the main production plant and the newsprint warehouse nunc pro tunc and orders that Hopson use the same appraiser to provide appraisal values for the vacant lots. Within seven (7) days from the date of this Order, the parties are to confer and submit two agreed-upon appraisers to conduct independent appraisals of the parcels of real property to be transferred via the Asset Purchase Agreement. Should the parties be unable to reach an agreement, Cox and the Defendants shall each submit the names of two appraisers and the Court will select two from this list.[2] The Court will **ABATE** this motion pending submission of appraised values of the real estate in question.

---

[1] Hopson and Cox cite to this Court's May 22, 2009 opinion in S.E.C. v. Kirkland, No. 6:06-cv-183-Orl-28KRS, 2009 WL 1439087 (M.D. Fla. May 22, 2009), in support of the proposition that the Court has discretion to approve the sale of real property without complying with the requirements of § 2001(b). In Kirkland, the Court deviated from the statutory scheme due to extraordinary circumstances, namely the uniqueness of the property at issue and because it saw no benefit to the receivership estate in requiring additional appraisals because the purchase price being offered exceeded the value set by the only appraisal. Kirkland, 2009 WL 1439087, at *2. Additionally, the receiver in Kirkland published notice of the proposed sale allowing other interested purchasers an opportunity to place an offer, "ensuring that the value of the properties [was] tested in the marketplace." Id. at *3. Though the Court is sympathetic to the argument that the proposed sale of the publishing operations of NJC has been sufficiently tested by the market in that multiple offers were made and the highest offer selected, the Court does not find the same set of extraordinary circumstances presented here as in Kirkland. Here, the Court is not presented with a situation where the proposed purchase price is higher than the sole appraised value; in fact, the proposed sale includes real estate for which no appraisal at all has been conducted.

[2] The Court intends for the Defendants collectively to submit the names of two appraisers, not two names for each named Defendant. Additionally, the Pension-Intervenors need not submit any names.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 12th day of February, 2010.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to Counsel of Record and Unrepresented Parties