# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COX ENTERPRISES, INC.,**

        **Plaintiff,**

-vs-                                              Case No. 6:04-cv-698-Orl-28DAB

**NEWS-JOURNAL CORPORATION,
HERBERT M. DAVIDSON, JR., MARC L.
DAVIDSON, JULIA DAVIDSON TRUILO,
JONATHAN KANEY, JR., DAVID
KENDALL, ROBERT TRUILO, GEORGIA
KANEY, and PMV, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** COX AND RECEIVER'S MOTION FOR FEES AND EXPENSES IN CONNECTION WITH THE ORDER SETTING ASIDE SEVERANCE AGREEMENTS (Doc. No. 552)
>
> **FILED:** September 30, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED,** as set forth herein, without prejudice, in part.

As discussed at status hearing and set forth in prior Order (Doc. No. 597), the motion is in three parts: Part One is a motion brought by Plaintiff and the Receiver against Intervenors David Kendall ("Kendall") and Georgia Kaney ("Kaney") seeking reimbursement to News-Journal Corporation ("NJC") of expert witness fees and expenses it advanced in defense of the motion to set

aside the Executive Severance Agreements. Part Two is a motion brought by Plaintiff against Intervenors Kendall and Kaney seeking reimbursement to Plaintiff for its attorney's fees and expenses incurred in connection with that motion. Part Three is brought by the Receiver against the law firm of Cobb Cole for disgorgement to NJC of all fees and expenses received in defense of the motion to set aside. For the reasons set forth below, it is **respectfully recommended** that Part One of the motion be **denied;** Part Two be **denied; and** Part Three be **denied, without prejudice** to the institution of the claim in a new proceeding, as set forth in detail in prior Order (Doc. No. 597).

**Background**

The procedural history of the motion is complex and is set forth in detail in prior filings. By way of summary, Plaintiff Cox Enterprises, Inc. ("Cox"), the minority shareholder of Defendant News-Journal Corporation, originally filed a shareholder derivative complaint pursuant to Section 607.07401, Fla. Stat., seeking relief for the alleged misuse of corporate funds and waste of corporate assets by NJC and certain individual NJC directors (Doc. No. 1). NJC filed a notice of election to purchase Cox's shares in NJC pursuant to Florida law and, as the parties were unable to agree on the fair value or the terms of purchase, the Court held a trial to determine the fair value of Cox's shares. The Court determined the fair value to be $129.2 million (Doc. No. 251) and set the terms of purchase (Doc. No. 262). On September 27, 2006, pursuant to section 607.1436(6), Fla. Stat., the Court dismissed the shareholder derivative action with prejudice (Doc. No. 262). The United States Court of Appeals for the Eleventh Circuit affirmed the Court's valuation decision. *Cox Enters., Inc. v. News-Journal Corp.*, 510 F.3d 1350 (11th Cir. 2007).

On May 23, 2008, Cox filed a motion seeking "to set aside and declare invalid" severance agreements for NJC's executives and key managers, including the Severance Agreements between NJC and David Kendall and Georgia Kaney (Doc. No. 333). In its motion, Cox contended that the

agreements be set aside because they were unauthorized, fraudulent, and wasteful. NJC, represented by the law firm of Cobb Cole, filed a response opposing the motion (Doc. No. 352), and many of the key managers and executives, including Kendall and Kaney, intervened through independent counsel to oppose the motion, as well. Cox eventually withdrew the motion with respect to the agreements with key managers, but continued to press its objection to the severance agreements between NJC and Kendall and Kaney. The District Court held an evidentiary hearing on September 24-25, 2008 (Doc. Nos. 444, 447, 470-71), and issued an Order granting the motion and finding the two severance agreements still at issue to be void (Doc. No. 474). The Court reserved jurisdiction to consider a motion for attorneys' fees and expenses. *Id.*

Thereafter, Cox filed a motion for fees and expenses in connection with the Order setting aside the agreements (Doc. No. 478), and the matter came up for consideration before the then-presiding Magistrate Judge (Doc. No. 535). Judge Spaulding granted the motion, in part, stating:

> It is undisputed that NJC paid fees of expert witnesses in connection with the defense of the motion to set aside the Executive Severance Agreements, but NJC has not revealed whether it also paid the fees of Mateer & Harbert, P.A., the independent counsel who represented Kendall and Kaney. In a Report and Recommendation regarding the motion for an award of attorneys' fees and expenses incurred by intervenors Coughlin, Kopp, Lancaster and Lindley in defending against Cox's motion to set aside their Key-Manager Severance Agreements, I recommended that the Court find that an award of attorneys' fees and expenses these intervenors incurred in defending against the motion is not authorized. Doc. No. 535 [sic].[1] *The analysis in that Report and Recommendation also supports a finding that NJC should not have paid any attorneys' fees or expenses, including expert witness fees, to assist intervenors Kendall and Kaney in their defense of the motion to set aside their severance agreements.*
>
> Accordingly, I find that the best course at this juncture is to require Kendall, Kaney, Cobb Cole (the law firm that initially represented Kendall and Kaney), and Mateer & Harbert, P.A. (independent counsel for Kendall and Kaney) to disclose to James Hopson, receiver for NJC, Cox, and their counsel the total amount of attorneys' fees, expert witness fees and other expenses NJC paid as a part of Kendall and Kaney's

---

[1] It is believed that Judge Spaulding meant to refer to Doc. No. 534.

-3-

> defense to the motion to set aside their Executive Severance Agreements. After this amount is disclosed, Kendall, Kaney, Cobb Cole, and Mateer & Harbert, P.A., shall confer with Cox and Hopson and their attorneys in a good faith effort to resolve the issue of the amount of attorneys' fees and expenses *that should be disgorged*, and whether the disgorged amount should be paid first to Cox to reimburse it for the attorneys' fees and expenses it incurred in bringing the motion to set aside the Executive Severance Agreements, with the remainder paid to NJC. If they are unable to reach an agreement, then Cox may file a renewed motion to order Kendall and Kaney to pay Cox's attorneys' fees and expenses, under § 1927 or otherwise, and NJC, through Hopson, may file a motion to require Kendall and Kaney to disgorge attorneys' fees and expenses NJC paid in connection with their defense of the motion to set aside their Executive Severance Agreements.
>
> Accordingly, Cox's Motion for Fees and Expenses in Connection with the Order Setting Aside Executive Severance Agreements (Doc. No. 478) is GRANTED in part as follows: It is ORDERED that, on or before August 17, 2009, David Kendall, Georgia Kaney, Cobb Cole, and Mateer & Harbert, P.A., shall disclose in writing to James Hopson and Cox the total amount of attorneys' fees, expert witness fees, and other expenses NJC paid in connection with Kendall and Kaney's defense of Cox's motion to set aside Kendall and Kaney's Executive Severance Agreements. The motion is DENIED without prejudice in all other respects.

(Doc. No. 535 – emphasis added).

As reflected in the current motion, the disclosures ordered by Judge Spaulding have been made (Doc. No. 552 – exhibits 1-4), and counsel certify that the parties have conferred, but are unable to reach agreement. Upon re-assignment of this matter to the undersigned, the Court held a status hearing at which time the parties agreed to submit the matter for resolution upon the papers presented. Against this background, the Court turns to the merits.

**Issues and Analysis**

The motion asserts that the Court "possesses authority under Fla. Stat. § 607.1436 and its inherent power to require Intervenor/Defendants Kendall and Kaney to reimburse NJC and Cox for expert witness and attorney fees and expenses advanced in connection with the motion to set aside the Executive Severance Agreements." (Doc. No. 552 at 9). Upon review of the applicable law and

-4-

the facts as determined in prior hearings,[2] however, the Court concludes that even if the Court were authorized to require reimbursement, it is not warranted here.

### *The Receiver's claim for expert witness fees against Intervenors*

The Cox motion was initially brought to set aside all 29 of the key employee agreements, not just the agreements with Kendall and Kaney. As noted in a prior Order, while authorization to do so was not clear, it is evident that someone at NJC directed Cobb Cole to oppose the motion and defend *all* of the employee agreements. (*See* Doc. No. 610, footnote 2, noting the absence of board action; *see also* Doc. No. 555-6).[3] As part of that defense, NJC retained experts to assist in their position that all of the agreements were valid and should be upheld.[4] Although NJC opposed the Cox motion and willingly retained experts to testify in defense of the employee agreements, the Receiver now seeks to disavow that position and retainer, and recoup the entirety of that expense from *Kendall and Kaney.* The Court finds no basis for the relief sought.

*Florida Statutes § 607.1436 – the election statute*

In a prior Order, the District Court found that it had jurisdiction to entertain Cox's motion to set aside the Executive Severance Agreements pursuant to 28 U.S.C. § 1367 and section 607.1436, Florida Statutes, and the Court's continuing jurisdiction to enforce its order of final judgment (Doc. No. 414 at 4). The movants cite Section 607.1436(5) for the proposition that "the court may award to the petitioning shareholder reasonable fees and expenses of counsel and of any experts employed, upon a finding that Cox had probable cause to establish that the assets of NJC were being misapplied

---

[2]Movants expressly disclaimed any desire for further evidentiary development of the record.

[3]The Receiver was apparently acting in the capacity of the corporation's Managing Officer at the time NJC retained Cobb Cole to oppose Cox's motion to set aside the agreements (Doc. No. 567 at 17, Doc. No. 507, Doc. No. 331), but no one has contended that he approved and authorized the expenditure of the expert fees.

[4]Kendall and Kaney were represented by independent counsel and have paid their own attorney's fees.

-5-

and wasted." (Doc. No. 552). The Court does not disagree that, under proper circumstances, this statute can be used by a petitioning shareholder to recover fees and expenses *against the corporation.* The Court disagrees, however, with the conclusion that this statute has any application to these facts.

The Court accepts Judge Spaulding's finding set forth above that "NJC should not have paid any attorneys' fees or expenses, including expert witness fees, to assist intervenors Kendall and Kaney in their defense of the motion to set aside their severance agreements." This alone, however, is insufficient to warrant relief under this statute as the Receiver is not a petitioning shareholder, and neither Cox nor the Receiver are seeking to recover fees and expenses *against NJC*. The statute provides no basis for imputing corporate liability to corporate officers[5] absent any evidence that the officers in question were responsible for the corporate decision to incur the expert fees in the first place. As discussed below, no such finding has been made here.

*Inherent Authority*

While not entirely clear, it appears that both Cox and the Receiver also rely on the Court's inherent authority under *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), as a basis to award attorney's fees to Cox and presumably to reimburse the corporation for expert witness fees. With respect to the Receiver's motion to recoup the expert witness fees, the Court concludes that this is not a proper case for such an award.

The touchstone for an award of fees under the Court's inherent authority is intentional misconduct. For example, courts have the power to sanction parties, lawyers, or both for engaging in conduct that abuses the judicial process. *Chambers, supra,* 501 U.S. at 44-45; *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). The court may tax attorneys' fees and costs "when

---

[5]Interestingly, there is no evidence that either Kaney or Kendall were ever shareholders in NJC (Doc. No. 555, fn. 1).

[the client, attorney, or both] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (internal quotation omitted), or otherwise failed to comply with court orders or the Federal Rules of Civil Procedure, *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006).

Here, although the Court has made a specific finding that the agreements were void as unauthorized (Doc. No. 474) and noted the "changing explanations as to precisely how the agreements came about" *(Id.* at 7), the Court did not go so far as to find that Kaney or Kendall abused the judicial process or acted in bad faith, vexatiously, wantonly or for oppressive reasons.[6] Indeed, there is no finding that Kendall or Kaney fraudulently procured the agreements from Tippen Davidson, nor that they were responsible for the corporate decision to retain and pay for expert witnesses to oppose Cox's motion. Absent this critical finding, the Court cannot recommend that the cost NJC voluntarily chose to carry should be visited on the recipient of the corporate largesse.

### *Cox's motion for attorney's fees*

For similar reasons, the Court recommends that the motion be denied, with respect to Cox's motion to tax its attorney's fees to Kendall and Kaney. As noted above, Section 607.1436(5) does not provide for shifting the litigation expense to individual officers of the corporation, especially absent a definitive showing of wrongdoing by the officers in question. Moreover, the Court's inherent authority is not implicated on this record.

To be clear, the undersigned is wholly unimpressed with the governance of NJC at the time in question, including the disturbing disregard of corporate formalities, as found previously by the

---

[6]The Court was critical of Kendall's characterizations of important events ("Kendall's story . . . is tenuous"; Kendall's explanation . . . is vague and not credible." Doc. No. 174 at 10 and 12) and noted the marital relationship between Georgia Kaney and general counsel Jonathan Kaney, whose firm prepared the agreements and defended them in this Court. Crucially, however, the Court went no farther and made no finding of specific misconduct by these individuals.

Court. Kendall and Kaney were not mere innocents here; they are hardly the honest victims of a kindly, but misguided, corporate patron. Rather, the record supports a conclusion that Kendall and Kaney were out for all that they could *legitimately* get from NJC, and there is the rub. The fact remains that the only evidence before this Court is that Tippen Davidson, for reasons that he took to the grave, decided *on his own*, to enter into these agreements on behalf of the corporation he believed to be his. The District Court found that he was without authority to do so, and therefore the agreements were void.[7] From the viewpoint of Kendall and Kaney, however, armed with a signed agreement and the backing of disinterested members of the board (as evidenced by NJC's decision to oppose Cox's motion), it was in their personal interest not to look the gift horse too closely in the mouth. The decision to litigate, while not admirable in view of all of the circumstances, was not so unreasonable as to be sanctionable.

Absent a legitimate basis to shift the fee burden on to these Intervenors, the Court finds the American Rule applies and leaves each party to its own fees. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240 (1975). It is therefore **respectfully recommended** that the motion be **denied in its entirety, without prejudice to the pursuit of Part Three of the motion in the ancillary litigation against Cobb Cole.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[7]Although the movants focus on the Court's findings that the agreements constituted waste, this is an alternate finding, applicable only if the agreements had not already been determined void for lack of authority and ratification. *See* Doc. No. 474 at 25.

Recommended in Orlando, Florida on March 8, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Any Unrepresented Party
Courtroom Deputy